IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ALBERTO ORTIZ MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:25-cv-1816 (LMB/WEF) |
| | ) | |
| KRISTI NOEM et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Alberto Ortiz Martinez ("Martinez"), an alleged native and citizen of Mexico, has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since August 19, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") and Administrative Procedure Act ("APA") (Count I) and his due process rights (Count II).[1]

Martinez is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Martinez has also sued Kristi Noem, the DHS Secretary; Todd Lyons, the Acting Director of ICE; Joseph Simon, the Director of ICE's Washington Field

---

[1] Count III requested that this Court order respondents to "produce all records relating to decisions on his arrest and detention held by Respondents, including but not limited to DHS Form I-286, Notice of Custody Determination, and all other records bearing upon the 'true cause of the [petitioner's] detention.'" [Dkt. No. 1] at ¶ 61 (quoting 28 U.S.C. § 2243). This Court granted relief as to Count III in its October 27, 2025, Order directing respondents to produce all records relating to Martinez's arrest and detention. [Dkt. No. 11].

Office; and Pamela Bondi, the Attorney General (collectively "the federal respondents"). For the reasons discussed in this Order, the Court finds that Martinez is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted as to Count II, and respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[2]

I.

According to his Petition, Martinez "has lived in Alexandria, Virginia, for several years and has established deep ties to that community during this time." [Dkt. No. 1] at ¶ 22. Before being detained, Martinez lived with his wife, whom he married on August 15, 2025, and his two U.S. citizen stepchildren. Id. One of Martinez's stepchildren is in eighth grade, and the other just began college at a university in Virginia. [Dkt. Nos. 7-4 & 7-5]. Martinez has no criminal history. [Dkt. No. 7-3] at 2. The Petition recounts Martinez's August 21, 2025, arrest:

> Just four days after his wedding, he was arrested by unidentified and mostly masked federal agents while standing at a bus stop outside of his apartment complex on his way to work. The agents pulled up in front of the bus stop in an unmarked vehicle with darkly tinted windows. Upon descending from the vehicle and others nearby, the agents asked him no questions at all but simply tackled Mr. Ortiz Martinez to the ground, handcuffed him, and took him away.

Id. ¶ 23. He has since been detained at the Farmville Detention Center. Id.

After his arrest, DHS issued Martinez a Notice to Appear,[3] which charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). [Dkt. No. 10-1] at ¶ 8; [Dkt. No. 1-3]. On September 11, 2025, an Immigration Judge denied Martinez's request for release on bond, finding that he was detained pursuant to 8 U.S.C. § 1225(b)(2). [Dkt. No. 1-7]. On

---

[2] Because the Court is granting relief on due process grounds, it need not address Martinez's claim for relief under the INA and the APA.

[3] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

2

October 13, 2025, Martinez filed a "Motion to Terminate removal proceedings based on allegations of improper procedural, substantive, and unconstitutional actions on behalf of ICE." [Dkt. No. 10-1] at ¶ 13.  The Immigration Judge set a master calendar hearing for November 26, 2025. Id. ¶ 14.

Martinez filed his Petition for Writ of Habeas Corpus on October 20, 2025.  [Dkt. No. 1]. This Court subsequently entered an Order requiring that Martinez not "be removed or transferred from this district for any reason without this Court's permission." [Dkt. No. 4].  On October 23, 2025, Martinez filed a Proposed Release Plan, which states that, upon release, he will live with his wife and stepchildren at their home in Alexandria, Virginia. [Dkt. No. 7] at 1.  Attached to Martinez's Proposed Release Plan is his marriage certificate, a letter from his pastor stating that Martinez's family regularly attends church services, an affidavit from Martinez's wife, and an affidavit from Martinez's stepson. [Dkt. No. 7].

The federal respondents have filed an opposition. [Dkt. No. 10].  On October 27, 2025, this Court ordered the federal respondents to "provide petitioner's counsel and the Court with all records related to Martinez's arrest and detention, including DHS Form I-286, by the close of business on Tuesday, October 28, 2025." [Dkt. No. 11].  The federal respondents filed those records on October 28, 2025.  [Dkt. Nos. 12 & 13].  Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

## II.

The central question posed in Martinez's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a).  The federal respondents contend that Martinez's detention is governed by § 1225(b)(2).  They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into

3

the U.S. and those who are present without a lawful admission." [Dkt. No. 10] at 6. According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. at 6–7. Therefore, they argue that because Martinez has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id. at 10.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[4] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while

---

[4] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. Vargas Nunez v. Lyons et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons et al., 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon et al., 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released under bond of $1,500); Perez Bibiano v. Lyons et al., 1:25-cv-1590-LMB-WEF, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem et al., 1:25-cv-1634-LMB-WEF, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Melendez v. U.S. Immigr. & Customs Enf't et al., 1:25-cv-1622-LMB-WBP, Dkt. No. 14 (E.D. Va. Oct. 28, 2025) (released on his own recognizance); see also Chaudhari v. Crawford et al., 1:25-cv-1772-LMB-IDD, Dkt. No. 14 (E.D. Va. Oct. 27, 2025) (releasing a petitioner from ICE custody after this Court determined that he had already been released on bond pursuant to § 1226(a)). Moreover, DHS has chosen not to appeal the Immigration Judges' bond decisions.

Martinez has been present in the United States "for several years." [Dkt. No. 1] at ¶ 22. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Martinez's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must

5

determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Martinez's continued detention is unlawful.

## III.

For all the reasons stated above, Martinez's Petition [Dkt. No. 1] is GRANTED, and it is hereby

ORDERED that Martinez be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Martinez must live at the fixed address identified in his Proposed Release Plan and appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

ORDERED that respondents provide Martinez with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Martinez on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Martinez is granted bond, the federal respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[5]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Martinez has been granted bond, and, if his request for bond was denied, the reasons for that denial.

---

[5] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.

The Clerk is directed to enter judgment in Martinez's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, cancel the hearing scheduled for October 31, 2025, and close this civil action.

Entered this 29 day of October, 2025.

Alexandria, Virginia

                                                          /s/
                                            Leonie M. Brinkema
                                            United States District Judge

7